UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| USMAN MANSOOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-1362-G |
| ANGELA K. BARROWS, District ) | |
| Director Dallas District, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the application of the petitioner, Usman Mansoor ("Mansoor"), Alien No. A95-319-915, for a writ of habeas corpus and a stay of his imminent removal from the United States.  Pursuant to the Real ID Act of 2005, this case is transferred to the United States Court of Appeals for the Fifth Circuit, and a stay of removal is granted pending review by that court.

### I.  BACKGROUND

Mansoor is a native and citizen of Pakistan.  On May 17, 2005, the Immigration and Naturalization Service ordered Mansoor to voluntarily depart from

the United States on or before July 11, 2005. Mansoor filed the instant application on July 8, 2005. *See generally* Emergency Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. According to his petition, an appeal of the denial of his Petition for Alien Relative, or I-130, is currently before the Board of Immigration Appeals. *Id.* ¶ 2.

## II. ANALYSIS

On May 11, 2005, the Real ID Act of 2005 (the "Act") was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

> (5) EXCLUSIVE MEANS OF REVIEW. -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Section 106 of the Act also provides:

> (c) TRANSFER OF CASES. -- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

P.L. 109-13, Division B, § 106(c).

Mansoor's petition, which challenges the order of his removal, was filed after the Act was enacted. Accordingly, his petition must be transferred to the Fifth Circuit Court of Appeals.

However, considering that the voluntary removal date (July 11, 2005) is one business day from the date of this order, as well as the possibility that Hurricane Dennis may reach New Orleans over the weekend, the court finds that a stay of Mansoor's removal is appropriate until the petition can be reviewed by the Court of Appeals.

III.  CONCLUSION

For the reasons given below, Mansoor's petition for a writ of habeas corpus is **TRANSFERRED** to the **United States Court of Appeals for the Fifth Circuit**.  It is further ordered that a the removal of Mansoor is **STAYED** until further order from the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED**.

July 8, 2005.

_____
A. JOE FISH
CHIEF JUDGE